MARC A. PILOTIN
Regional Solicitor
KATHERINE E. CAMERON
Associate Regional Solicitor
CHARLES SONG (CSBN 204497)
Senior Trial Attorney
Office of the Solicitor
U.S. Department of Labor
312 North Spring Street, Suite 720
Los Angeles, CA 90071-1202
Telephone: (213) 894-5365
Facsimile:  (213) 894-2064
Email: song.charles.c@dol.gov

*Attorneys for Plaintiff Lori Chavez-DeRemer,
United States Secretary of Labor*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI CHAVEZ-DEREMER, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>LION FARMS LLC, a California corporation; BRUCE LION, an individual; ALFRED LION, an individual; and DANIEL LION, an individual,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT** |

Plaintiff, Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor alleges as follows:

## JURISDICTION

1. The Court has jurisdiction under sections § 502(a) o, 29 U.S.C. § 1852(a); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1345 (United States as plaintiff).

## VENUE

2. Venue is proper under 28 U.S.C. § 1391, as all defendants reside in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District, specifically in Fresno and Madera Counties.

## NATURE OF THE ACTION

3. The Secretary is charged with enforcing MSPA to "assure necessary protections for migrant and seasonal agricultural workers," by enforcing, among other things, vehicle safety standards, registration and licensing requirements and recordkeeping and disclosure rules applicable to agricultural employers and farm labor contractors ("FLCs"). *See* 29 U.S.C. § 1801. Defendants Lion Farms LLC, Bruce Lion, Alfred Lion, and Daniel Lion deliberately ignored MSPA's requirements, which serve to protect workers from unsafe and unlicensed transportation to and from the fields. These violations ultimately led to a van accident that killed seven of Lion Farms' field workers.

4. The Secretary brings this action under MSPA to enjoin Defendants from continuing to put at risk the lives of vulnerable agricultural workers, and others who share the road with the vehicles transporting these workers. An injunction is also necessary to prevent Defendants from committing further violations of MPSA's recordkeeping and disclosure provisions, and to ensure that they pay all wages owed to their migrant and seasonal agricultural workers under MSPA.

5. In bringing actions under MSPA, the Secretary represents not only the interest of the individual employees affected by the employer's violations of the law, but also the broader

public interest, including the interests of law-abiding employers whose ability to compete is harmed by employers who pay their employees unlawful wages.

## PARTIES

6. Plaintiff Lori Chavez-DeRemer is the United States Secretary of Labor.

7. Defendant Lion Farms, LLC ("Lion Farms") is a California Limited Liability Company with an office and place of business at 9500 S. DeWolf Avenue, Selma, California 93662, within the jurisdiction of this Court, where it cultivates, grows, and harvests approximately 871 acres of grapes for raisins in Fresno and Madera Counties in California. Lion Farms owns and/or operates a farm and is an Agricultural Employer within the meaning of the Migrant and Seasonal Agricultural Worker Protection Act as defined in Section 3(2) of the Act, and performed agricultural work as defined in Section 3(3) of the Act. Defendant Lion Farms, LLC sells its raisins to Lion Raisins, Inc. and other packing houses. Lion Raisins, Inc. process and pack the raisins under the "Lion Raisins" label. Lion Raisins, Inc. sells and ships the raisins nationally and internationally to major retailers such as Costco, Costco Suppliers, and Kellogg's. As detailed in Paragraph 11, below, Defendant Lion Farms is an employer of the field workers in this case under MSPA and is an "agricultural employer" under MSPA.

8. Defendant Bruce Lion, an individual, resides in Fresno, California, in the jurisdiction of this Court. He is an owner and manager of Defendant Lion Farms, and in that capacity has the authority to enter into contracts on behalf of Lion Farms, establish the company's policies and practices with respect to employees and FLCs, and set the terms and conditions of employees' employment. He is also an "agricultural employer" under MSPA as detailed in Paragraph 11, below.

9. Defendant Daniel Lion, an individual, resides in Fresno, California, in the jurisdiction of this Court. He is an owner and manager of Defendant Lion Farms, and in that capacity has the authority to enter into contracts on behalf of Lion Farms, establish the company's policies and practices with respect to employees and FLCs, and set the terms and

conditions of employees' employment. He is also an "agricultural employer" under MSPA as detailed in Paragraph 11, below.

10. Defendant Alfred Lion, Jr., an individual, resides in Fresno, California, in the jurisdiction of this Court. He is an owner and manager of Defendant Lion Farms, and in that capacity has the authority to enter into contracts on behalf of Lion Farms, establish the company's policies and practices with respect to employees and FLCs, and set the terms and conditions of employees' employment. He is also an "agricultural employer" under MSPA as detailed in Paragraph 11, below.

11. Defendants are agricultural employers as defined by 29 U.S.C. § 1802(2) as they are a corporation and persons who own and operate a farm, processing establishment, and packing shed, and who recruit, solicit, hire, transport, and employ migrant and seasonal agricultural workers to handle, plant, pack, and process products prior to delivery for storage of agricultural or horticultural commodities in its unmanufactured state. As a result, Defendants are liable as agricultural employers under 29 U.S.C. § 1822(a) to pay wages owed to Defendants' employees.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

12. Defendants used and caused the unlawful transportation of its migrant and seasonal agricultural workers.

13. Lion Farms' employee supervisor of over twelve years, Ruben Ojeda Chino supervised crews for Lion Farms and organized and coordinated the transportation of the crews to its fields, between blocks, and from its fields. Mr. Chino instructed crew leaders to drive specific workers to Lion Farms' fields to perform agricultural labor. The drivers who transported agricultural workers included Lion Farms' employee foreman Diego Venegas Isidro and field worker Victor Cirilo Hernandez. Lion Farms' workers were generally charged a daily transportation fee of approximately $13.

14. On February 23, 2024, Mr. Chino instructed Victor Cirilo Hernandez to drive himself and seven agricultural workers that were employed by and working directly for Lion

Farms from their homes in Kerman, California, to New Stone Ranch which is located at 12555 Road 9, Madera, California, approximately forty (40) miles away from their homes. New Stone Ranch is operated and/or owned by Defendant Lion Farms. Mr. Chino directed Victor Cirilo Hernandez to transport the workers in a 2001 a Gray 2001 GMC Safari even though he knew Mr. Hernandez did not have a valid driver's license.

15. According to the California Highway Patrol, six out of the eight agricultural workers did not have their seat belts on during the vehicle accident, and two of those passengers were fully or partially ejected from the vehicle. Seven out of those eight agricultural workers, including the driver, died at the scene of the vehicle accident, and only one agricultural worker was severely injured and survived. The driver of the 2001 GMC Safari van and seven agricultural workers/passengers were all employed by and working directly for Lion Farms and were being transported to Lion Farms' worksite to remove grape vine trunks and dead branches from the grape vines for Lion Farms on the day of the vehicle accident. Mr. Chino and other Lion Farms' employees have continued to transport Lion Farms' agricultural workers since the February 23, 2024, accident that killed six Lion Farms' agricultural workers.

16. Shortly thereafter, the Wage and Hour Division ("WHD") of the United States Department of Labor began investigating possible violations of the safe transportation provisions for workers under the MSPA and its implementing regulations. The Secretary's investigation resulted in findings of wage, transportation, and disclosure violations under the MSPA, and their implementing regulations as described below.

17. First, the Secretary found that Defendants violated and continue to violate Sections 202 and 302 of MSPA, 29 U.S.C. §§ 1822 and 1832 by failing to pay wages owed to migrant and seasonal agricultural workers when due.

18. Second, the Secretary found that, in violation of Section 401(b), 29 U.S.C. § 1841(b), Defendants provided migrant and seasonal agricultural workers unsafe transportation to a designated worksite, whereby an accident involving workers occurred on February 23, 2024; the driver did not have a valid driver's license, seat belts were not used, and the vehicles did not

have the minimum liability insurance coverage. The investigation also revealed that Defendants continue to violate Section 401(b), 29 U.S.C. § 1841(b).

19. Third, the Secretary found that Defendants violated Sections 201(d)(2) and 301(c)(2) of MSPA, 29 U.S.C. §§ 1821(d)(2) and 1831(c)(2) by failing, with respect to each migrant and seasonal agricultural worker employed, to disclose employee permanent addresses and the employer's identification number on employee wage statements.

20. The Secretary brings this action to recover wages owed under the MSPA and enjoin Defendants from future violations of these statutes.

## FIRST CLAIM FOR RELIEF

### Failure to Pay Wages When Due

21. The Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

22. Defendants violated and continue to violate Sections 202(a) and 302(a) of MSPA, 29 U.S.C. §§ 1822(a) and 1832(a), by failing to pay migrant and seasonal agricultural workers the wages owed to them when due.

23. At all relevant times, Defendants have willfully violated and continue to violate Sections 202(a) and 302(a) of MSPA, 29 U.S.C. §§ 1822(a) and 1832(a). Defendants knew or should have known of MSPA's wage requirements but nevertheless employed, and continue to employ, migrant agricultural workers without properly compensating them.

## SECOND CLAIM FOR RELIEF

### Failure to Provide Safe Transportation

24. The Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

25. Defendants violated and continue to violate Section 401(b) of MSPA, 29 U.S.C. 1841(b), by using or causing to be used any vehicle providing transportation of migrant and seasonal agricultural workers without ensuring that such vehicle conforms to the standards of applicable Federal and State safety standards, ensuring that each driver had a valid and

appropriate State license to operate the vehicle, providing safe transportation vehicles, and ensuring prescribed insurance coverage. *See also* 29 C.F.R. §§ 500.100 to 500.105, 500.120 to 500.128, 49 C.F.R. §§ 390, 393, 396, and 398.

26. At all relevant times, Defendants have willfully violated and continue to violate Section 401(b) of MSPA, 29 U.S.C. § 1841(b). Defendants knew or should have known of MSPA's safe transportation requirements but nevertheless used or caused to be used vehicles to transport, and continue to transport, migrant and seasonal agricultural workers without the required safety provisions under MSPA and its implementing regulations.

## THIRD CLAIM FOR RELIEF

**Failure to Provide Required Information to Migrant Agricultural Workers**

27. The Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

28. Defendants violated Sections 201(d)(2) and 301(c)(2) of MSPA, 29 U.S.C. §§ 1821(d)(2) and 1831(c)(2), by failing to disclose to migrant and seasonal agricultural workers employee permanent addresses and the employer's identification number on employee wage statements.

29. At all relevant times, Defendants knew or should have known of MSPA's information disclosure requirements but nevertheless failed to disclose employee permanent addresses and the employer's identification number on employee wage statements.

## PRAYER FOR RELIEF

WHEREFORE, good cause having been shown, the Secretary prays for judgment against Defendants as follows:

A. For an Order under Section 502(a) of MSPA, 29 U.S.C. § 1852(a), permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating MSPA, including Sections 201, 202(a), 301(c)(2), 302(a), and 401(b) of MSPA, 29

U.S.C. §§ 1821, 1822(a), 1831(c)(2), 1832(a), and 1841(b) and its implementing regulations.

B. For an Order under Section 502(b) of MSPA, 29 U.S.C. § 1852(b), finding Defendants liable for all wages due under MSPA to Defendants' employees and post-judgment interest;

C. For an Order providing such further legal and equitable relief as may be deemed necessary or appropriate;

D. For an Order awarding the Secretary the costs of this action; and

E. For an Order awarding the Secretary any other relief that the Court deems necessary and appropriate.

Dated: March 14, 2025

JONATHAN L. SNARE
Acting Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

KATHERINE E. CAMERON
Associate Regional Solicitor

*/s/Charles Song*
CHARLES C. SONG
Senior Trial Attorney
Office of the Solicitor
U.S. Department of Labor
*Attorneys for the Secretary of Labor*