UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNI33A

| | |
|---|---|
| LORI CHAVEZ-DEREMER, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>        Plaintiff,<br><br>        v.<br><br>LION FARMS LLC; BRUCE LION, an individual; ALFRED LION, an individual; and DANIEL LION, an individual,<br><br>        Defendants. | Case No.  1:25-cv-00312-KES-EPG<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION PURSUANT TO SETTLEMENT AGREEMENT** |

Plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor, ("Secretary"), and Defendants Lion Farms LLC; Bruce Lion, an individual; Alfred Lion, an individual; and Daniel Lion, an individual ("Defendants") (collectively, the "Parties"), have agreed to resolve this civil action and stipulate to the entry of this Consent Judgment on the terms

and conditions set forth below. Nothing contained herein shall be construed as an admission on the part of the Defendants.

## I. STATEMENTS AND AGREEMENTS BY THE PARTIES

A. The Secretary filed a Complaint alleging that Defendants violated Sections 201, 202, 301, 302, and 401 of the Migrant and Seasonal Agricultural Worker Protections Act ("MSPA"), 29 U.S.C. §§ 1821, 1822, 1831, 1832, and 1841, and its implementing regulations at 29 C.F.R. § 500 ("MSPA Implementing Regulations") ("Complaint").

B. Defendants acknowledge receipt of a copy of the Secretary's Complaint in this action.

C. Defendants waive issuance and service of process of the Summons and Complaint and waive their response to the Secretary's Complaint.

D. The Parties stipulate that the Court has jurisdiction over the Parties and subject matter of this civil action and that venue lies in the Eastern District of California.

E. The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

F. Defendants acknowledge that they and any individual or entity acting on their behalf or at their direction or in conjunction with Defendants have notice of, and understand, the provisions of this Consent Judgment and Order.

G. Defendants stipulate that at all relevant times they were employers of their employees identified on **Exhibit A** within the meaning of Section 3 of MSPA, 29 U.S.C. § 1802.

H. Defendants stipulate that at all relevant times they cultivated, grew, and harvested grapes for raisins in Fresno and Madera Counties in California and were agricultural employers within the meaning of Section 3(2) of MSPA, 29 U.S.C. § 1802(2).

I.     The Secretary, through the Wage and Hour Division ("WHD"), conducted an investigation of Defendants pursuant to the MSPA covering the period of October 16, 2022, to February 24, 2024 ("Subject Period"). Based on that investigation, WHD has alleged that Defendants violated the MSPA and MSPA Implementing Regulations during the Subject Period as listed below, and WHD timely informed Defendants of these alleged violations:

   1. Defendants failed to provide wage statements as required under Sections 201 and 301 of MSPA, 29 U.S.C. §§ 1821, 1831.
   2. Defendants did not pay wages owed to workers when due as required by Section 202 of MSPA, 29 U.S.C. § 1822.
   3. Defendants violated motor vehicle standards and licensing required by employer-provided transportation under Section 401(b) of MSPA, 29 U.S.C. § 1841(b), 29 C.F.R. §§ 500.1, 500.100, 500.104, 500.105, 500.120 to 500.128, 503.16(j)(iii), and 49 C.F.R. §§ 390, 391, and 398.3(c)(5). On February 23, 2024, Defendants provided workers uninsured, unsafe transportation to a designated worksite, whereby a vehicle driven by Defendants' unlicensed employee was involved in a vehicle collision killing seven workers and severely injuring one worker, in violation of Section 401(b) of MSPA, 29 U.S.C. § 1841(b), 29 C.F.R. §§ 500.1, 500.100, 500.104, 500.105, 500.120 to 500.128, 503.16(j)(iii), and 49 C.F.R. §§ 390, 391, and 398.3(c)(5).

J.     Defendants stipulate to the Court's jurisdiction to permanently enjoin them pursuant to Section 502 of MSPA, 29 U.S.C. § 1852. Defendants stipulate to the Court's jurisdiction to order them to pay the amount of unpaid wages owed to Defendants' employees under MSPA pursuant to Section 502 of MSPA, 29 U.S.C. § 1852.  Other than the Jurisdictional statement contained in this paragraph, Defendants make no other admissions in this Consent Judgment. This Consent

Judgement is limited to the settlement of the case between the parties in the matter of LORI CHAVEZ-DEREMER, Secretary of Labor, United States Department of Labor (Plaintiff) v. LION FARMS LLC; BRUCE LION, an individual; ALFRED LION, an individual; and DANIEL LION, an individual, (Defendants), pending in the United States District Court, Eastern District of California, Case Number 1:25-cv-00312-KES-EPG.

## II. PERMANENT INJUNCTION

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 502 of MSPA, 29 U.S.C. § 1852, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all those in active concert or participation with Defendants or acting on their behalf or at their direction, are permanently enjoined and restrained from violating the MSPA and MSPA Implementing Regulations with special emphasis in the manners identified below:

1. Defendants shall maintain its payroll practices or amend its payroll practices as provided below, if not already so maintained, in compliance with the MSPA as follows:

    a. Defendants shall not, contrary 29 U.S.C. § 1821(d)(2), fail to provide to each such worker for each pay period, an itemized written statement of the following information: (1) the basis on which wages are paid; (2) the number of piecework units earned, if paid on a piecework basis; (3) the number of hours worked; (4) the total pay period earnings; (5) the specific sums withheld and the purpose of each sum withheld; and (6) the net pay.

    b. Defendants shall not fail to maintain all time and payroll records for a period of not less than three years.

    c. Defendants shall not fail to accurately record all wages paid to employees,

regardless of the manner of payment, i.e. direct deposit, check, or cash, on their payroll records.

       d.      Defendants shall not fail to inform third parties performing payroll duties of the requirements of this Consent Judgment and shall provide them with a copy of this Consent Judgment.

2.      Defendants shall not, contrary to 29 U.S.C. § 1822(a) and 29 C.F.R. § 500.81, fail to pay their MSPA workers their wages when due.

3.      Defendants shall not, contrary to 29 U.S.C. §§ 1821(a) and 29 C.F.R. § 500.75(b), fail to make the required written disclosures to their MSPA workers at the time of recruiting, which includes (1) the place of employment; (2) wage rates, including piece rates, to be paid; (3) the crops and kinds of activities on which the worker may be employed; (4) the period of employment; (5) the transportation, housing, and any other employee benefits to be provided, if any, and any costs to be charged for each of them; (6) whether state workers' compensation or state unemployment insurance is provided.

4.      If transportation is provided by Defendants, Defendants shall not, contrary to 29 C.F.R. §§ 500.104, 500.105, and 29 U.S.C. § 1841(b), fail to provide transportation that complies with all applicable federal and state laws and regulations, and must provide, at a minimum, the same transportation safety standards, driver licensure, and vehicle insurance as required under 29 C.F.R. §§ 500.104, 500.105, 500.120 to 500.128; 49 C.F.R. §§ 390, 393, 396, and 398.4(b); and 29 U.S.C. § 1841(b).

5.      If transportation is provided by Defendants, Defendants must ensure, consistent with 29 C.F.R § 500.105, that each driver of a motor vehicle providing such transportation has the

physical requirements, medical certifications, and driver's license required by 29 C.F.R. § 500.105; 49 C.F.R. §§ 390, 393, 396, and § 398.4(b); and 29 U.S.C. § 1841(b).

6. Defendants shall not, contrary to 29 U.S.C. §§ 1821(b) and 29 C.F.R. § 500.75(c), fail to post the required MSPA poster at the worksite.

7. If Defendants obtain the labor they require for the planting, growing, and harvesting of its crops from Farm Labor Contractors ("FLCs"), and if that FLC provides transportation to workers, Defendants shall utilize only FLCs that have a Certificate of Registration from the U.S. Department of Labor authorizing transportation ("Transportation-Authorized FLCs"). Defendants shall utilize such Transportation-Authorized FLCs to provide transportation to workers who need transportation to Defendants' fields. Defendants shall not use FLCs that are not transportation authorized ("Non-Transportation Authorized FLCs") to transport agricultural workers for Defendants. To facilitate compliance with this requirement, Defendants shall instruct any FLC hired by it to issue a notice specifying worker rights under MSPA. A copy of the Parties' agreed-upon notice is attached hereto as **Exhibit B**. Defendants will distribute this notice when they contract with an FLC and are notified of MSPA violations. Defendants may comply with this provision by requiring and ensuring that any FLC it retains complies with these provisions. If the FLC is not providing transportation to the workers, then the Parties agree this requirement is moot.

8. Defendants shall not in any way directly or indirectly, demand, require or accept any of the back wages from any of the employees listed on the attached **Exhibit A**. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Consent Judgment. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

9. Defendants agree to conduct a self-audit and sign an attestation by December 31 of every year for a period of three years to confirm the following:

   a. If Defendants provide transportation, any motor vehicles used to transport Defendants' workers comply with all applicable federal and state laws and regulations, and, at a minimum, the same transportation safety standards, driver licensure, and vehicle insurance as required under 29 C.F.R. §§ 500.104, 500.105, 500.120 to 500.128, 49 C.F.R. §§ 390, 393, 396, and 398.4(b), and 29 U.S.C. § 1841(b).

   b. If Defendants provide transportation, any drivers operating motor vehicles transporting workers have the required physical requirements, medical certifications, and driver's license under 29 C.F.R. § 500.105, 49 C.F.R. §§ 390, 393, 396, and 398.4(b), and 29 U.S.C. § 1841(b).

   c. Defendants will send the yearly attestation to WHD Assistant District Director of the Fresno office, currently Nora Pedraza (Pedraza.Nora@dol.gov).

10. Defendants shall permit WHD to train Defendants' Human Resources Department, payroll personnel, supervisors, and managers about MSPA and their implementing regulations in 2025 and in 2026. The trainings will be held in or around September. Defendants agree to coordinate the trainings with WHD Assistant District Director of the Fresno office, currently Nora Pedraza (Pedraza.nora@dol.gov), by September 30, 2025, for the 2025 season and by July 15, 2026, for the 2026 season. The training shall not exceed three hours in duration. If some staff are unable to meet at one location, they may appear via remote video conference for the training session.

11. Defendants shall, within **thirty (30) calendar days** from entry of this Consent Judgment by the Court, schedule a time with the Wage and Hour Division, U.S. Department of Labor, for WHD to read the notice attached to this Order as **Exhibit B**, both in Spanish and English, to workers. The time scheduled should be within **ten (10) calendar days** after the arrival of workers to the worksites, who are employed for the peak season, which begins on or around September. Defendants shall provide notice to the employees in Spanish and English to attend the meeting and that they will be paid for their time during the meeting. At the meeting, WHD will verbally read employees' rights as listed in **Exhibit B**. WHD will also inform workers whom to contact if there are claims under the statute and implementing regulations.

12. Defendants agree to provide notice of this Consent Judgment and a copy thereof to their existing managers, supervisors, and payroll personnel within thirty (30) calendar days of entry of this Consent Judgment. Defendants agree to provide this Consent Judgment to new managers, supervisors, payroll personnel within thirty (30) calendar days of their hiring date until January 1, 2028. Defendants agree to provide notice of this Consent Judgment and a copy thereof to any successors-in-interest to Defendants.

13. Defendants agree that any successors-in-interest to Lion Farms LLC from execution of this Consent Judgment through December 31, 2027, will be given a copy of this Consent Judgment and be bound by the terms therein, because Defendants agree that in *any* sale of Lion Farms LLC, either in whole or in part (e.g., no matter how small and/or if it only involved assets), one of the written contractual terms for such sale will be that "any successors-in-interest to Lion Farms LLC will be given a copy of the 2025 Consent Judgment in *Secretary of Labor v. Lion Farms LLC et al* (E.D. Cal.) covering the MSPA violations that Defendants Lion Farms LLC committed in California during the period of October 16, 2022, to February 24, 2024."

CONSENT JUDGMENT AND ORDER                                          U.S. Department of Labor, Office of the Solicitor

Page 8

14. Defendants, jointly and severally, shall not continue to withhold the payment of **$39,013.00** in back wages hereby found to be due by the Defendants under MSPA to employees, as a result of their employment with Defendants during the period of October 16, 2022, to February 24, 2024.

### III.    JUDGMENT AND ORDER

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 502 of MSPA, 29 U.S.C. § 1852, in favor of the Secretary and against Defendants, jointly and severally, in the total amount of **$128,899.50**, of which: **$39,013.00** is back wages under MSPA, and **$89,886.50** in civil money penalties assessed pursuant to 29 U.S.C. § 1853.

Pursuant to this Consent Judgment, **IT IS HEREBY ORDERED THAT:**

15. Defendants shall pay **$39,013.00** in back wages due under MSPA and this Judgment to the employees identified in **Exhibit A**.

16. Defendants shall pay **$89,886.50** in civil money penalties, which are assessed against Defendants and finally determined, pursuant to Section 503 of MSPA, 29 U.S.C. § 1853. Defendants waive the right to a hearing with respect to this assessment of civil money penalties.

17. To accomplish the payments required in Paragraphs 15-16:

   a. Within **thirty (30) calendar days** of the entry of this Consent Judgment by the Court, Defendants shall pay **$39,013.00** in back wages due under MSPA and this Judgment to the employees identified in Exhibit A.

   b. **Seven (7) calendar days** after the last payment to an employee identified in **Exhibit A**, Defendants shall provide to WHD Assistant District Director of the Fresno District Office, currently Nora Pedraza (Pedraza.Nora@dol.gov), a final list of all employees listed in **Exhibit A**, who could not be located or who refused to

        accept the payments, their last known address, phone number (if known and available), social security number (if known and available), WhatsApp contact information (if known and available), and their <u>gross</u> amounts owed in back wages.

    c. Using the "WHD Back Wage Payment Form – Western Region" at https://www.pay.gov/public/form/start/77761888, Defendants shall also deliver to the Wage and Hour Division by **seven (7) calendar days** after the last payment to an employee identified in **Exhibit A**, the total amount in gross back wages—for employees listed in **Exhibit A,** who could not be located or who refused payment. The payments to the Wage and Hour Division shall reference Case Number: "1991071."

    d. Within **thirty (30) calendar days** of the entry of this Consent Judgment by the Court, Defendants shall pay to the U.S. Department of Labor **$89,886.50**, which is designated as a civil money assessment under 29 U.S.C. § 1853 using the "WHD Civil Money Penalty Payment Form – Western Region" at https://www.pay.gov/public/form/start/77743734. The payment shall reference Case Number "1991071."

18. If any monies are not distributed to employees within three (3) years from the date the Secretary received payment from Defendants because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States of America as miscellaneous receipts.

19. In the event of any default in the timely payment due hereunder, a post-judgment interest at the rate of 10% per annum shall be due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of Defendants then known to the

Secretary with electronic copies concurrently e-served on Defendants and, if applicable, their counsel.

**IT IS FURTHER ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act, as or be asserted as, a bar to any action under Section 503, 29 U.S.C. § 1854, as to any employee not named in the attached Exhibit A, nor any employee named in the attached Exhibit A for the periods not stated therein.

**IT IS FURTHER ORDERED** that each Party shall bear their own fees and other expenses, including court costs, incurred by such Party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

IT IS SO ORDERED.

Dated:   August 26, 2025

_____
UNITED STATES DISTRICT JUDGE